Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered July 14, 2008, convicting him of murder in the first degree (six counts), murder in the second degree (six counts), burglary in the first degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Eng, J), of that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials.
Ordered that the judgment is modified, on the law, by vacating the convictions of murder in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
The hearing court properly denied that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials. Approximately 28 hours elapsed between the time the police arrested the defendant and the time the defendant made the statement sought to be suppressed. While an undue delay in arraignment is properly considered when assessing the voluntariness of a defendant’s confession, a delay in arraignment alone does not warrant suppression, as it is but one factor in assessing the voluntariness of a confession (see People v Ramos, 99 NY2d 27, 35 [2002]; People v DeCam *762 poamor, 91 AD3d 669, 671 [2012]; People v Williams, 53 AD3d 591, 592 [2008]; see also People v Williams, 297 AD2d 325 [2002]). The record does not support the defendant’s claim that the police unnecessarily delayed his arraignment. Here, the delay in arraigning the defendant was attributable to the time it took the police to conduct a thorough investigation and not to a strategically designed plan to permit the defendant to be questioned outside the presence of counsel (see People v Williams, 297 AD2d 325 [2002]; People v Irons, 285 AD2d 383 [2001]).
Moreover, the record supports the hearing court’s finding that the defendant understood the import of the Miranda warnings (see Miranda v Arizona, 384 US 436 [1966]) given to him (see People v Madrid, 52 AD3d 530, 531 [2008]; People v Zadorozhnyi, 267 AD2d 263, 264 [1999]; People v Alexandre, 215 AD2d 488 [1995]). Further, the defendant was provided with food, water, cigarettes, access to a bathroom, and the opportunity to rest in between questioning sessions. Nothing in the record suggests that physical force was used or threatened (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Petronio, 34 AD3d 602 [2006]; People v Miles, 276 AD2d 566 [2000]; cf. People v Anderson, 42 NY2d 35 [1977]). Accordingly, our “review of the totality of the circumstances demonstrates that the defendant’s statements] w[ere] voluntarily made” (People v Winkfield, 90 AD3d 959, 960 [2011]; see People v Seabrooks, 82 AD3d 1130, 1130-1131 [2011]).
Contrary to the defendant’s contention, and our dissenting colleague’s position, the trial court did not improvidently exercise its discretion in precluding the defendant from introducing into evidence at trial a videotape of an interview conducted by an Assistant District Attorney from the Queens County District Attorney’s Office on May 16, 2005. Trial courts are accorded wide discretion in making evidentiary rulings. However, “[a] court’s discretion in evidentiary rulings is circumscribed by the rules of evidence and the defendant’s constitutional right to present a defense” (People v Carroll, 95 NY2d 375, 385 [2000]). Nonetheless, the “right to present a defense does not give criminal defendants carte blanche to circumvent the rules of evidence” (People v Hayes, 17 NY3d 46, 53 [2011], cert denied 565 US —, 132 S Ct 844 [2011] [internal quotation marks omitted]). Indeed, a trial court has the discretion to exclude even relevant evidence if its probative value is outweighed by risks such as “undue prejudice to the opposing party, confusing the issues or misleading the jury” (People v Aziziandavidi, 100 AD3d 765 [2012] [internal quotation marks *763 omitted]). Evidence of “ ‘slight, remote or conjectural significance’ will ordinarily be insufficiently probative to outweigh these countervailing risks” (People v Primo, 96 NY2d 351, 355 [2001], quoting People v Feldman, 299 NY 153, 169-170 [1949]). In the instant matter, we agree with the trial court’s determination, in effect, that the videotape’s probative value was outweighed by potential prejudice to the People. Although the defendant claimed that the purpose of admitting the videotape was to demonstrate his appearance and demeanor following multiple days of interrogation, his physical appearance on the videotape did not have any relevance to a material issue. It did not show that the defendant was subjected to any coerciveness on the part of the police. Moreover, the trial court’s offer to have the jury view a still photograph culled from the videotape permitted the defendant a meaningful method by which to present to the jury his physical appearance on May 16, 2005.
However, under the circumstances of this case, as the People correctly concede, the convictions of murder in the second degree, and the sentences imposed thereon, must be vacated, and those counts of the indictment dismissed, because those charges are inclusory concurrent counts of the convictions of murder in the first degree (see People v Howard, 92 AD3d 1219, 1220 [2012]; People v Villafane, 48 AD3d 712, 713 [2008]).
The defendant’s remaining contentions are without merit.
Rivera, J.P, Dickerson, and Cohen, JJ., concur.